UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JORGE CAULA, an individual,

    Plaintiff,
v.

HERC RENTALS, INC., a Delaware corporation,

    Defendant.
_____/

# COMPLAINT

Comes now JORGE CAULA on behalf of himself hereby sues HERC RENTALS, INC., and alleges as follows:

1. This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin, Hispanic, and retaliation, and to provide appropriate relief to the Plaintiff.

## JURISDICTION, PARTIES, AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C §2000e-5(f) (1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, 28 U.S.C. §§ 1331, 1367 and 1343.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida in Miami, Florida.

4. The employment practices alleged to be unlawful were committed in Miami-Dade County, Florida and within the jurisdiction of the United States District Court for the Southern District of Florida. Venue is proper pursuant to 28 U. S. C. § 1391 and 42 U.S.C. § 2000(f)(3).

5. Plaintiff, JORGE CAULA, is an individual *sui juris* residing in Miami-Dade County, Florida.

6. At all relevant times, Defendant, HERC RENTALS, INC., (formerly known as HERTZ EQUIPMENT RENTAL CORPORATION), has continuously been and is now doing business in the state of Florida and within Miami-Dade County, Florida, and has continuously had at least fifteen (15) employees.

7. At all relevant times, Defendant, HERC RENTALS, INC., has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

8. More than thirty (30) days prior to the institution of this lawsuit, JORGE CAULA, filed a charge with the Commission alleging that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended.

9. On September 11, 2019, the Equal Employment Opportunity Commission issued a Right to Sue Letter/Notice to the Plaintiff (See Right to Sue Letter/Notice attached hereto as Exhibit "A").

10. All conditions precedent to the institution of this lawsuit have been timely fulfilled.

## STATEMENT OF FACTS

11. JORGE CAULA (hereinafter "Plaintiff" or "CAULA") was employed by the Defendant, HERC RENTALS, INC. (HEREINAFTER "Defendant" or "HERC"), during all times material to this EEOC complaint and resulting Action as an outside salesman from or about November 2016 to November 2018.

12. Plaintiff CAULA was born in Cuba.

13. CAULA,'s branch manager and immediate supervisor at all material times during his employment with HERC was Mr. Fernando Parra.

14. Mr.Parra is not Cuban or of Cuban descent.

15. Mr. Parra made demeaning comments and other communications about Cubans in public and in the presence of CAULA.

16. Mr. Parra called the Cuban salesmen[1] "cockroaches" on several occasions publicly and in the presence of the Plaintiff.

17. Mr. Tom Filipkowski was also a HERC manager, more specifically the product support manager, throughout the Plaintiff's employment.

18. Mr. Filipkowski is not Cuban or of Cuban descent.

19. Mr.Parra sent CAULA a voice recording/message to his company cell phone of Mr. Parra and Mr. Filipkowski making fun of "balseros," which is a derogatory term for Cuban rafters. Both of them could be heard making fun of them, making derogatory comments about their arrival in Key West, and laughing at them.  CAULA immediately to Mr. Parra about this message and he said nothing about. It and continued his hostile treatment of salesmen CAULA an the other salesmen of Cuban national origin or descent.

20. Mr. Parra sent this recording to CAULA because he knew that Caula is Cuban and to harass him about it and otherwise intentionally create a hostile work environment for him because of his Cuban national origin.

---

[1] Mr. Parra called salesmen born in Cuba or of Cuban descent and ethnicity "cockroaches."  It seemed to be Mr. Parra's impression that all of these particular salesmen were born in Cuba.  These were the only salesmen that he called "cockroaches" and he did so in a public manner on many occasions.

21. At least one (1) other outside salesman employee of Cuban origin resigned citing that it was directly because of Mr. Parra's constant harassment to Cuban employees based upon their national origin.

22. CAULA complained to management about Mr. Parra's harassment specifically detailing that Mr. Parra called only Cuban employees of HERC "cockroaches" and also detailing the recording that he sent to him and they did nothing to intervene, stop the national origin harassment and discrimination that CAULA was being subjected to and instead retaliated against CAULA.

23. CAULA then complained to Human Resources Manager, Kari Barr, about Mr. Parra's harassment specifically detailing that Mr. Parra called only Cuban employees of HERC "cockroaches" and also detailing the recording that he sent to him and they did nothing to intervene, stop harassment and discrimination that CAULA was being subjected to because of his Cuban national origin and instead retaliated against CAULA.

24. Ms. Barr took no actions to stop or correct the situation and did nothing to intervene, stop harassment.

25. HERC's response was to retaliate against CAULA, by claiming that his numbers were not on par and even interfering with his job performance.

26. CAULA was eventually forced to resign because of the negative impact of the noxious and hostile work environment at HERC towards him and other people of Cuban national origin, created by its managers.

27. CAULA has suffered and continues to suffer damages, to include lost past and future income, medical bills, and severe psychic trauma and emotional damage, because of the prolonged and intentional unlawful discrimination he suffered at the hands of Defendant, HERC's, managers throughout his employment there.

## STATEMENT OF CLAIMS

## COUNT I-HOSTILE WORK ENVIRONMENT - DISPARATE TREATMENT

28.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29.     Since on or about November of 2016, Defendants have engaged in unlawful employment practices at their establishment in Miami-Dade County, Florida, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting CAULA to a hostile work environment, based upon their national origin, Cuban. Defendant's conduct, the totality of which created the hostile work environment included but was not limited to:

   a. HERC Manager, Fernando Parra's, regular practice of harassment, public, unprovoked, demeaning and humiliating name calling toward CAULA and other Cuban employees "cockroaches, "and other forms of unwelcome verbal harassment, including ethnic insults and slurs;

   b. retaliation against CAULA who opposed what he reasonably believed to be unlawful employment practices;

   c. different standards of performance, discipline, demotion and other adverse employment actions imposed on Hispanic employees; and

   d. disparate treatment in terms and conditions of employment unfairly damaging (financially and psychologically) and detrimentally affecting CAULA.

30.     The unlawful actions and employment practices detailed above in paragraphs 11 through 27 by Defendant, HERC, were intentional and were done with malice or with reckless indifference to the federally protected rights of Plaintiff CAULA.

## COUNT II-DISPARATE IMPACT

31.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1

through 27 above as though fully set forth herein.

32. Since at least November of 2016 through November 2018, Defendant subjected CAULA to ongoing management practice of unlawful discrimination against Cuban born employees based upon his national origin as a Cuban, by implementation and enforcement of different standards in measuring the performance of Cuban born salespeople, to include CAULA, and because of complaints of the unlawful national origin discrimination and his complaints about it to management and human resources.  It not only resulted in disparate treatment and hostile environment, but which also had a disparate impact on CAULA and other employees of Cuban national origin in violation of Section 703(k) of Title VII, 42 U.S.C. § 2000e-2(k).

33. The ongoing management practice of unlawful discrimination against Cuban born employees was not job-related and consistent with any sort of business necessity. Defendant's use of by regularly utilizing demeaning and unwelcome verbal harassment, including ethnic insults and slurs, and of different standards in measuring performance imposed a term or condition of employment that disproportionately impacted Cuban born sales employees, on the basis of national origin, Cuban, with regard to discipline, adverse actions and equal opportunities in employment.

## COUNT III  RETALIATION AGAINST JORGE CAULA

34. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

35. Defendant retaliated against Plaintiff, CAULA, who engaged in statutorily protected activity by subjecting him to adverse employment actions such as harassment, discipline, demotion, termination and/or constructive termination in violation of Section 704(a) of Title VII, 42 U.S.C. Sec. 2000e-3(a).

36. CAULA who suffered the effects of such retaliation for opposing what he reasonably believed to be unlawful employment practices.

37. CAULA and at least one other salesperson of Cuban national origin complained to management and/or to human resources about the harassment based upon their national origin and resulting hostile environment.

38. After the Plaintiff and at least one other salesman of Cuban national origin engaged in protected activity, Defendant took adverse actions against them, including harassment, excessive scrutiny, difficult work assignments, discipline, and/or constructive termination as a result of it.

39. The discipline and constructive termination of CAULA was based on his national origin (Cuban), and in retaliation for engaging in protected activity in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sec. 2000e-2(a) and 2000e-3(a).

40. The effect of the Defendant's unlawful practices has been to deprive CAULA of equal employment opportunities and otherwise adversely affect his status as an employee based upon his Cuban national origin, and in retaliation for complaining of the Defendant managers' unlawful practices, an otherwise protected activity.

41. The unlawful actions and employment practices detailed above in paragraphs 11 through 27 by Defendant, HERC, were intentional and were done with malice or with reckless indifference to the federally protected rights of Plaintiff CAULA.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, JORGE CAULA, respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, their officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, (1) from engaging in any employment practice which discriminates on the basis of national origin, (2) from maintaining a hostile work environment based on his Cuban national origin; (3) from retaliating against employees who oppose or complain about such practices; and (4) from any other employment practice which discriminates on the basis of national origin, Cuban, or which

facilitates, condones, or encourages national origin-based harassment, and/or retaliation against employees who oppose or complain about such discrimination and harassment;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities and a non-hostile work environment for people of Cuban National origin, and for employees who oppose or complain about discrimination, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole the Plaintiff by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of the Plaintiff who were terminated or constructively terminated, or a reasonable amount of front pay in lieu thereof;

D. Order Defendant to make whole the Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E. Order Defendant to make whole the Plaintiff by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial;

F. Order Defendant to pay the Plaintiff punitive damages for intentional conduct that was committed with malice and/or reckless indifference to the federally protected rights of CAULA, and in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Plaintiff reasonable attorney's fees and costs in this Action pursuant to federal law, to include Title VII of the Civil Rights Act of 1964, as amended; Title I of the Civil Rights Act of 1991; and 42 U.S.C. § 12205.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: December 5th, 2019

                                   **GARCIA-MENOCAL & PEREZ, P.L.**
                                   *Attorneys for Plaintiff*
                                   4937 S.W. 74th Court
                                   Miami, Florida 33155
                                   Telephone: (305) 553-3464
                                   Facsimile: (305) 553-3031
                                   Primary E-Mail: ajperez@lawgmp.com
                                   Secondary E-Mails: bvirues@lawgmp.com
                                   aquezada@lawgmp.com; ddunn@lawgmp.com

                         By: ___*/s/ Anthony J. Perez*_____
                                   ANTHONY J. PEREZ
                                   Florida Bar No.: 535451
                                   BEVERLY VIRUES
                                   Florida Bar No.: 123713